## 76933. BELCHER v. THE STATE.
### (372 SE2d 650)

DEEN, Presiding Judge.

Appellant Belcher was convicted of first-degree forgery in connection with the uttering of a forged check and accepting the proceeds when it was presented for cashing at a Coweta County bank.

The check was written on an account from which it had been reported to the bank that several blank checks were missing.

On appeal Belcher enumerates as error (1) the denial of his motions for directed verdict or, in the alternative, the insufficiency of the evidence to authorize a finding of guilty beyond a reasonable doubt; and (2) the admission of allegedly hearsay testimony which was prejudicial to the appellant. *Held*:

1. We first address the allegedly hearsay testimony. On cross-examination by the State, Eddie Blankenship, a defense witness and the person who had driven the automobile in which Belcher was riding when the forged check was presented and cashed, denied having told a detective who worked on the case that a (forged) check would be forthcoming from the appellant. At the close of the evidence, the State recalled the detective to rebut the testimony denying the prior statement. OCGA § 24-9-83 provides that a "witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." See *Harden v. State*, 166 Ga. App. 536 (304 SE2d 748) (1983). *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), dealt with a prior inconsistent statement by an in-court witness. There the Supreme Court held that the prior inconsistent statement was not limited to impeachment but was substantive evidence of the matter asserted. *Gibbons* is on point with the situation here, and this enumeration is without merit.

2. Examination of the entire record, including the trial transcript, reveals a sufficiency of competent evidence both to authorize the trial court to deny the motions for directed verdict, OCGA § 17-9-1, and to authorize the rational trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 6, 1988.

*Christopher S. Marshburn*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.